**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 01 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATHANIEL FLOWERS,<br><br>                    Petitioner - Appellant,<br><br>     v.<br><br>SCOTT MCEWEN, Warden,<br><br>                    Respondent - Appellee. | No. 11-56181<br><br>D.C. No. 2:09-cv-03119-JST-SS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted August 27, 2014
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Nathaniel Flowers appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, Senior District Judge for the United States District Court for the Southern District of New York, sitting by designation.

We consider Flowers' appeal under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which requires that we deny habeas relief unless Flowers demonstrates that the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Runningeagle v. Ryan,* 686 F.3d 758, 766 (9th Cir. 2012) (quoting 28 U.S.C. § 2254(d)).

Flowers failed to demonstrate that the California Court of Appeal's rejection of his *Brady*[1] claim was the product of an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). The record supports the vast majority of the state court's factual findings. However, to the extent that the state court determined that Joshua Fells testified that he would not identify the shooter, that finding was factually erroneous. Nevertheless, this factual error was not "central to petitioner's claim," and thus does not warrant relief. *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004).

The state court's denial of Flowers' *Brady* claim was not unreasonable or contrary to federal law. Even if the State suppressed evidence that was favorable to Flowers, the California Court of Appeal reasonably determined that Flowers was not

[1]*Brady v. Maryland*, 373 U.S. 83 (1963).

2

prejudiced, given the strength of the case against him, including eyewitness testimony, forensic evidence that the same gun was used in the two shootings, Perry's statements, and Flowers' recorded telephone conversations. *See Morris v. Ylst*, 447 F.3d 735, 745-46 (9th Cir. 2006). In addition, the evidence at issue was also cumulative, thereby lessening its impact. *See Williams v. Woodford*, 384 F.3d 567, 599 (9th Cir. 2004), *as amended*.

**AFFIRMED.**

Judge RAKOFF, concurring:

The conduct of the prosecution in this case was grossly improper. The State intentionally suppressed *Brady* material that, as the California Court of Appeal acknowledged, could have been used to impeach the State's star witness, Anthony "Kaos" Perry.

Moreover, the State's case against Flowers was tenuous. Flowers' first trial resulted in a hung jury, and at his second, the jury voted to convict only after two days of deliberations and the substitution of an alternate juror. Other than Perry's recanted testimony, the only evidence linking Flowers to the three shootings was: (1) Flowers' ambiguous post-arrest statements regarding the Christmas Day shooting, which the prosecution claimed showed consciousness of guilt; (2) Perry's alleged statement to a convenience store clerk immediately before the January shooting that he had been shot the week before and that "people were after him," which both Perry and the clerk denied on the stand; (3) the account of the February shooting given by Luis Carmona, who admittedly caught only a glimpse of the shooter while not wearing his eyeglasses, and whose testimony contradicted another eyewitnesses's statement regarding such basic details as whether the shooter's car was black or white; and (4) ballistics evidence indicating that the

same gun was used in the January and February shootings, without any evidence tying that gun to Flowers.

Nonetheless, if the State's evidence was thin, the impeachment value of the suppressed material was thinner still. Perry's involvement in the Big Fly murder did not give him an incentive to falsely identify Flowers (who was not present during that crime) as his assailant in the subsequent shootings. Nor did the fact that the police questioned Perry about the Big Fly incident after Flowers' first trial explain why Perry then recanted his earlier testimony; if anything, a criminal's realization that the police may be "on to him" gives him *more* incentive to curry favor, not less.[1] And while I disagree that evidence suggesting that Perry was a cold-blooded murderer, rather than a mere gang member, would be merely cumulative, it is not clear how the hearsay statements contained in the investigatory file would come into evidence.

In short, despite the egregiousness of the State's misconduct and the weakness of its case, I cannot conclude that any "fairminded jurist[]" would find the suppressed evidence to be material. *See Harrington v. Richter*, 131 S. Ct. 770,

---

[1] The theory that Flowers actually argued to the jury at his second trial was far more plausible — that Flowers fabricated his testimony at the first trial in order to obtain early release from the robbery sentence that he was serving at the time, and then recanted after the government reneged on the deal; but the jury, by their verdict, rejected that argument.

786 (2011) (internal quotation marks omitted). Accordingly, I join the majority in affirming the judgment of the district court.